IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Neil Gilmour, Trustee, et al._ _Plaintiffs | § § § | |
| v. | § § | Civil Action No. 3:17-cv-00179 |
| Humana Health Plan of Texas, Inc. and Humana Insurance Company_ _Defendants | § § § § | |

## AGREED PROTECTIVE ORDER

Plaintiff Neil Gilmour, Trustee for Victory Medical Center Craig Ranch, LP, Victory Medical Center Landmark, LP, Victory Medical Center Mid-Cities, LP, Victory Medical Center Plano, LP, Victory Medical Center Southcross, LP, and Victory Parent Company, LLC; and Plaintiff Victory Medical Beaumont, LP, and Plaintiff Victory Surgical Hospital East Houston LP (collectively, "Plaintiffs") together with Defendants Humana Health Plan of Texas, Inc. and Humana Insurance Company (collectively "Defendants") hereby enter into this Agreed Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Protective Order, once entered by the Court, this Protective Order shall remain in effect through the conclusion of this litigation.

In order to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information and other information that the parties have determined might contain sensitive business information, trade secrets, and other information that would cause competitive harm if disclosed, the parties have agreed to the conditions set forth in this Protective Order to maintain the confidentiality of such information. Accordingly, this Court hereby orders as follows:

1. This Protective Order shall apply to all documents and deposition testimony related to documents disclosed or obtained during the course of discovery in this action. Such information includes, but is not limited to any and all patient claims file materials and patient medical information exchanged by the parties in discovery.

2. All documents produced or exchanged in the course of this litigation containing Confidential Information, and all deposition testimony related to those documents or Confidential Information, shall be treated as confidential by the attorneys and all persons granted access thereto and shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

3. Confidential Information, as used herein, means Patient Health Information, Patient Identifying Information, any other protected health information as that term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, and any other information of any type, kind or character which is designated as "Confidential" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains Confidential Information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be "Confidential." This definition shall apply no matter how such information is revealed including, but not limited to, through document production, during a deposition, or through an interrogatory and no matter what form it takes, including, but

not limited to, documents, writings, e-mails, photographs, drawings, films, computer diskettes, maps, and videotapes (or video compilations thereof).

4. Patient Health Information, as used herein, shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Patient Health Information includes, but is not limited to, health information, including demographic information, relating to: past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts or oral communications that are based on or derived from patient health information to the extent such material identifies or reasonably could be expected to identify the individual.

5. Patient Identifying Information, as used herein, means information referred to and identified in 45 C.F.R. § 164.514(b), including, but not limited to: name; address;[1] names of relatives; name of employers; all elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; or any other unique identifying numbers, characteristic, or code of any patient.

---

[1] Address includes street address, city, county, zip code, and the equivalent.

6. Subject to the Federal Rules of Civil Procedure pertaining to discovery and subject to any objection that may otherwise be made, the parties are to respond to discovery requests throughout this litigation by producing documents and information in response to such a request notwithstanding the fact that such documents or information may include patient medical records or other Confidential Information.

7. Additionally, the parties and their attorneys and any future parties and their attorneys in the above-captioned matter, and any "covered entities" as that term is defined in 45 C.F.R. § 160.103 are hereby authorized to receive, subpoena, disclose, and transmit Confidential Information to the extent and subject to the conditions outlined herein.

8. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons unless otherwise agreed to in writing by the parties hereto or by order of the Court.

9. "Qualified Persons," as used herein means:

(a) The parties' agents, representatives, employees, and in-house counsel for the parties;

(b) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(c) Actual or potential independent technical experts or consultants, witnesses, or deponents, who, prior to any disclosure of Confidential Information to such persons, have signed an acknowledgement agreeing to be bound by the terms of this protective order;

(d) Any court reporter or other person involved in recording deposition testimony in this litigation by any means and acting in that capacity;

(e) The Court (and any appellate court) and any persons employed by the Court whose duties require access to the Confidential Information;

(f) Authors, addressees, and prior recipients of Confidential Information with respect only to those documents for which they are authors, addressees, or prior recipients or who, prior to any disclosure of Confidential Information, have signed a document agreeing to be bound by the terms of this protective order;

(g) Persons employed by commercial copying or trial graphics services that may be asked to make copies of documents for use in connection with this case;

(h) The person(s) (including third parties) who produced the particular Confidential Information in question, and any officer, employee, or agent of such producer; and

(i) Any other person who may be designated as a Qualified Person by written agreement of the parties or by order of this Court.

10. Documents produced in this action may be designated by any party or parties as "Confidential" by marking each page of the document so designated with a stamp stating "Confidential" and/or "Confid." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

11. Documents produced in this action may also be designated by any party or parties as "Attorneys' Eyes Only" by marking each page of the document so designated with a stamp stating "Attorneys' Eyes Only." In lieu of marking the original of a document, if the original is

not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

12. Documents designated as "Attorneys' Eyes Only" may be disclosed or otherwise made available only to persons identified in Paragraph 9(b)-(i) above.

13. Information disclosed at (a) the deposition of a party; of a present or former officer, director, employee, or agent of a party; or of an independent expert retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as Confidential by indicating on the record at the deposition that the testimony is Confidential and is subject to the provisions of this Order or by making such a claim of confidentiality within 14 days of receipt of the deponent's transcript and designating in writing which portions of the transcript and/or accompanying exhibits are Confidential.

14. Even if not designated as Confidential, all documents or testimony concerning Confidential Information shall be treated as Confidential as set forth in paragraph 2.

15. If any party at a trial or a hearing in this matter seeks to offer into evidence or otherwise use any Confidential Information, it shall not lose its confidential status through such use. Any such use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of the Confidential Information and with permission of the Court.

16. The inadvertent or unintentional disclosure of Confidential Information or material designated as "Attorneys' Eyes Only" shall not be construed as a waiver of the producing party's claim of confidentiality as to the specific information disclosed or as to any related information.

17. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or as "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at

any stage of these proceedings with the designation by the designating party of any information as "Confidential" or as "Attorneys' Eyes Only," the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or as "Attorneys' Eyes Only." The designating party shall be required to file a motion asking the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

18. The parties may, by written agreement, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

19. In the event that counsel for any party wants to file with the Court any pleadings, motions, affidavits, briefs, exhibits or other papers which contain Confidential Information or material designated as "Attorneys' Eyes Only," such papers shall be filed under seal in **accordance with the Court and the Southern District of Texas' Local Rules governing the filing of such information.**

20. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions, and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as Confidential Information by a party to this action.

21. Notwithstanding the provisions of paragraph 19 of this Order, any party or person filing Confidential Information or material designated as "Attorney's Eyes Only" may apply to the Court for an order, before or subsequent to the filing of information under seal, that such

information need not be filed under seal or that such information be available for public inspection in accordance with applicable law.

22. Within thirty (30) days after written request by a party, upon final disposition of this litigation (including any appeal), all Confidential Information, documents marked "Attorneys' Eyes Only," or any copies of the same, shall be returned to the respective party that produced the document to the other party or destroyed. If the party destroys the Confidential Information or documents marked "Attorneys' Eyes Only," it must, upon request, certify that all confidential documents, including all copies, have been destroyed. All notes, drafts, memoranda, documents, work papers and other materials prepared by attorneys or experts that contain or reflect the content of any Confidential Information or documents marked "Attorneys' Eyes Only" may be destroyed or retained by the attorneys or experts, but must be treated in accord with this Protective Order.

23. This Protective Order shall continue to be binding after the conclusion of this litigation.

24. The Court will retain jurisdiction, both before and after the entry of final judgment in this case, to construe, enforce, and amend the provisions of this Protective Order.

25. Nothing in this Protective Order shall be construed as permitting disclosure of any Confidential Information or document designated as "Attorneys' Eyes Only" to any person or entity involved in any legal proceeding other than the above-entitled and numbered cause. However, nothing in this Protective Order shall preclude the parties from being compelled to disclose Confidential Information or document designated as "Attorneys' Eyes Only" pursuant to any law, regulation, order or rule of any governmental authority, including without limitation, any regulatory agency or court; provided, however, that the parties shall give prompt notice in advance

of any such disclosure, to afford the opportunity to seek legal protection from disclosure of such Confidential Information or document designated as "Attorneys' Eyes Only".

26. The authorization contained in this Order to designate any Information as Confidential or Attorneys' Eyes Only is intended solely to facilitate the settlement, trial preparation (including discovery), and trial of this lawsuit. The designation shall not be construed as an admission or agreement by any Party that the Information constitutes or contains trade secrets, confidential or proprietary information, or commercially sensitive information. This Order does not abrogate or diminish any contractual, statutory, or other legal privilege or protection of a Party or person with respect to any Confidential or Attorneys' Eyes Only Information.

27. The inadvertent production of documents or things that are subject to the work product doctrine, attorney-client, or other privilege or exemption from discovery shall not constitute a waiver of the protection or privilege. In the event that a producing Party becomes aware that privileged documents or information have been inadvertently produced, the producing Party shall notify the receiving Party, in writing, of the inadvertent production. Upon receiving written notification of the inadvertent production of privileged documents or information, the receiving Party shall return any and all privileged documents or information, including any and all copies, to the producing Party. If the receiving Party refuses to return the inadvertently produced documents or information, the producing Party may seek an order compelling the return of the inadvertently produced documents or information from the Court. Further, upon being provided with written notice of the inadvertent production of privileged documents or information, the receiving Party shall not disclose the documents or information to which the claim of privilege is being asserted unless the claim of privilege is withdrawn or the Court rules that the documents or information at issue are not protected from disclosure by an applicable privilege.

28. The Court has considered the issue of patient/physician privilege, HIPAA issues, and other issues relating to patient privacy, and finds that disclosure, review and return and/or destruction of the documents under the terms of this Protective Order is not in violation of such rights.

SIGNED THIS 9th day of January, 2018.

*George C. Hanks* 
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

AGREED TO BY THE PARTIES:

/s/ Richard G. Foster[1]
Richard G. Foster
Southern District Bar No. 5907
Texas Bar No. 07295100
Raj S. Aujla
Southern District No. 1215554
Texas Bar No. 24064846
Lisa P. Alcantar
Southern District No. 1093319
Texas Bar No. 24069284
Porter, Rogers, Dahlman & Gordon, P.C.
745 E. Mulberry, Suite 450
San Antonio, Texas 78212
(210) 736-3900 (Telephone)
(210) 736-1992 (Facsimile)

**COUNSEL FOR DEFENDANTS**


/s/ Walter J. Cicack
Walter J. Cicack
Texas Bar No. 04250535
wcicack@hcgllp.com
Jeremy M. Masten
Texas Bar No. 24083454
jmasten@hcgllp.com
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
Telephone: (713) 658-9001
Facsimile: (713) 658-9011

**COUNSEL FOR PLAINTIFFS**

---

[1] Signed with permission by Jeremy M. Masten.

# EXHIBIT A

**IT IS HEREBY AGREED THAT:**

1. I have read and am familiar with the Protective Order in Civil Action No. 3:17-cv-00179 in the Southern District of Texas, Galveston Division. I hereby agree to abide by all the terms of that Protective Order and not to reveal or communicate any portion of any Confidential Information to anyone except in accordance with the terms of the Order.

2. I also agree to be subject to the jurisdiction of the Southern District of Texas for purposes of any proceeding or action to construe, interpret, or enforce the Protective Order.

DATED: this _____ day of _____ , 2017.


SIGNED:_____

Name:_____

Organization: _____

Title:_____

For: _____